```
                    UNITED STATES DISTRICT COURT

                     DISTRICT OF NEW HAMPSHIRE
```

Joseph W. Chalifoux

    v.                                    Case No. 14-cv-136-SM
                                          Opinion No. 2014 DNH 088

Jennifer M. Chalifoux, et al.


**O R D E R**

Plaintiff Joseph Chalifoux has filed a (second) amended complaint (doc. no. 5) (hereinafter "Complaint") in forma pauperis, alleging multiple violations of his federal and state constitutional and statutory rights, as well as tortious injuries. Chalifoux's allegations arise out of: bitterly-contested divorce and child custody proceedings that are still ongoing in Massachusetts; a domestic violence restraining order issued by a Massachusetts court against plaintiff; plaintiff's July 2013 arrest by the Tyngsborough, Massachusetts, Police Department; and a related, criminal proceeding against plaintiff, which a state court in Massachusetts dismissed. The Complaint is before this court for preliminary review, pursuant to 28 U.S.C. § 1915(e)(2).


**Discussion**

The rules of procedure applicable to this action include both federal rules and local rules. Plaintiff, although pro se, must comply with the rules of procedure in prosecuting this

action.  See Miranda v. United States, 105 F. App'x 280, 281 (1st Cir. 2004); see also LR 4.3(b).

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain, among other things, "a short and plain statement of the claim" showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  The district court may dismiss a complaint if the plaintiff fails to comply with Rule 8(a)(2).  See Kuehl v. FDIC, 8 F.3d 905, 908 (1st Cir. 1993).

Although verbosity and length are not generally sufficient grounds for dismissal, complaints that are unnecessarily lengthy, repetitive, convoluted, or otherwise difficult to comprehend may be dismissed.  See United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1058-59 (9th Cir. 2011).  While a complaint must contain enough facts "'to state a claim to relief that is plausible on its face,'" "'detailed factual allegations,'" Santiago v. Puerto Rico, 655 F.3d 61, 72 (1st Cir. 2011) (citation omitted), and an "exposition of [plaintiff's] legal argument," are not required, Skinner v. Switzer, 131 S. Ct. 1289, 1296, 179 L. Ed. 2d 233, 242 (2011).  Even where claims of fraud are pleaded, the "commands of Rule 8" are in no way negated.  Vicom, Inc. v. Harbridge Merch. Servs., 20 F.3d 771, 776 (7th Cir. 1994).

This court's local rules further require that filings in this court:

- utilize a "font size no smaller than ten (10) characters per inch or, if a proportionately spaced font is used, no less than twelve (12) point";

- use footnotes "<u>sparingly</u>";

- have at least one (1) inch margins; and

- "be double spaced except for quoted material."

LR 5.1(a) (emphasis added). Non-conforming filings may be stricken. <u>See</u> LR 5.2.

Here, the Complaint is prolix, argumentative, and circular. It does not comply with the line-spacing, font, and footnote specifications of LR 5.1(a), and it generally fails to provide a concise statement of plaintiff's claims in a manner that would notify defendants regarding which particular aspects of their conduct form the basis for each of plaintiff's claims. Before this matter can proceed, plaintiff must amend the Complaint to comply with Fed. R. Civ. P. 8(a) and LR 5.1(a).

## Conclusion

Plaintiff is granted leave to file a (third) amended complaint within thirty (30) days of the date of this order. The amended complaint shall:

1. Contain a "short and plain statement" of each claim, as required by Fed. R. Civ. P. 8(a)(2);

2. Be substantially truncated in length and fully compliant with the formatting requirements of LR 5.1(a);

3. Use footnotes sparingly, if at all;

4. Be stripped of citations to cases or other authorities that do not provide the cause of action for the claim at issue; and

5. Be stripped of statements incorporating by reference hundreds of paragraphs of text without identifying which paragraphs are relevant to the claim at issue.

Failure to comply with this order may result in dismissal of this action, for non-compliance with Rule 8(a)(2). Upon receipt of an amended complaint filed in compliance with this order, LR 5.1(a), and Fed. R. Civ. P. 8(a)(2), this court will complete its preliminary review under 28 U.S.C. § 1915(e)(2).

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

April 25, 2014

cc: Joseph W. Chalifoux, pro se

SM:nmd